MR. JUSTICE DALY,
(dissenting):
I dissent. The general overriding reason for a notice statute,, such as the one in question here, is to prevent injustice. That is to prevent the filing of stale or fraudulent claims far removed from the time of the claimed injury so as to put the employer or insurer in an untenable position to defend or-investigate. Secondarily, there must also be rules and orderly procedure and finality in all matters. The result reached by the majority here produces a harsh and unjust result upon a claimant with an undisputed, honest claim which produces a severe disability.
Section 92-601, R.C.M.1947, is a notice statute which then provided:
“In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within *350 twelve months from the date of the happening of tlie accident, either by the claimant or someone legally authorized to act for him in his behalf.”
The Division argues it has the right under section 92-117, R.C.M.1947, to determine which forms are to be used to promote the efficient administration of the Workmen’s Compensation Act. Rule 10 of the Rules of Procedure of the Division provides, in part, that “every claim for compensation shall be initiated by filing of form 54, claim for compensation.” Therefore, it argues, .the only valid claim form is Form No. 54, claim for compensation or a communication of similar content.
There is no doubt the ideal situation for the Division would be to have every form filled out properly with the correct information, dated, signed, and filed on time. But realistically this has not always be done. Forms are a constant source of confusion. The entitlement of “Form 54” is a source of confusion in that it is titled “Claim for Compensation”, although section 92-601 requires that a claim be filled out within a year of the accident, before many injured persons are aware their injury entitles them to compensation, such as the instant case.
Workmen’s compensation deals with many individuals in all walks of life; not all are sophisticated, nor are all highly educated. The klontana. legislature has mandated, and this Court has held, that the Workmen’s Compensation Act must be liberally construed in favor of the claimant”. Section 92-838, R.C.M.1947; Grief v. Industrial Accident Fund, 108 Mont. 519, 526, 93 P.2d 961; Murphy v. Anaconda Company, 133 Mont. 198, 321 P.2d 1094, 1097.
Section 92-601, R.C.M.1947, does not state that Form 54 must be submitted to the Division. It merely requires that a claim in writing be made under oath. This Court in Chisholm v. Vocational School for Girls, 103 Mont. 503, 507, 64 P.2d 838, held that the technical requirement of the notice to be given under oath is not required. Therefore, the only requirement of section 92-601 is that written notice be given.
*351 Here, claimant wrote to the Division in reply to a letter from the Division about his accident. He acknowledged that he had been injured; that he had been off work; and, if “applicable” for compensation he would like to be notified. The Division was fully aware that an accident had occured and the details of the accident by virtue of the employer and medical contacts set forth heretofore. Yet, in answer to claimant’s request for advice, the Division manager advised that claimant was not eligible for claim at present, but that he should fill out form 54 at Ms convenience.
The Division should have known that claimant did not fully understand the importance of filing form 54, because he had failed to do so. Under such circumstances it must act to protect claimant’s rights by helping him complete the form, if necessary. By failing so to do the Division is estopped from denying claimant his claim, for having failed to file a particular form.
If there was any necessary information desired by the Division not contained in claimant’s letter, the physician’s report, and the employer’s report, all of which the Division had in its files, Mr. Winfield, the field agent for the Division, could kave easily acquired it on one of kis several visits witk claimant. Winfield testified that when claims have inadequate information, it is customary for him to further investigate.
This is not to say that the requirements of the Division or the statutes can be ignored nor that the Division must file the required form for claimants in all eases. In Yurkovich v. Industrial Accident Board, 132 Mont. 77, 314 P.2d 866, this Court held that it was not the duty of the Board to go out and solicit claims and each case must be determined on its own facts, circumstances and the law applicable. Yet, it is the duty of the Board to fully advise the injured workman when he comes to the Board and asks for information. The Court further held that this placed the Board in a position of trust and it was obligated to investigate on its own, if necessary, to deter *352 mine entitlement to compensation by the injured workman. Failure to do so in Turkovich resulted in the Court denying the Board, by estoppel, the benefit of the statute of limitations.
Here, the Division argues the claimant was not misled, as is-required to invoke equitable estoppel, and cites numerous, cases wherein an insurance company, a doctor, a company lawyer, a city clerk and mayor actively misinformed the injured workman and estoppel resulted and would urge this, factual situation as a condition precedent to invoking the doctrine. It recites language from Ricks v. Teslow Consolidated, 162 Mont. 469, 512 P.2d 1304, to support its position. We agree with the law as stated in Ricks. It merely restates that the doctrine will be applied if there have been affirmative acts which prevent the claimant from filing or lead him to believe he need not do so. The facts here still must control the result reached in the present cause. The language of Levo v. General-Shea-Morrison, 128 Mont. 570, 576, 280 P.2d 1086, 1090, cited to the Court by the Division, is particularly appropriate:
“The doctrine of equitable estoppel is a flexible one, founded in equity and good conscience; its object is to prevent a party from taking an unconscionable advantage of his own wrong while asserting his strict legal right. Seemingly the only strict legal right that we are asked to adhere to is the statute which was passed solely for the benefit of the employer and the insurance carrier, i.e., the Statute of Limitations. * * *
“* * * Certainly if there is any circumstance wherein the doctrine of equitable estoppel should be extended, it is in matters concerning an injured workman, where the law itself says that the Workmen’s Compensation Act shall be construed liberally.
The judgment of the district court should be affirmed.